UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Maurice Graves, #208580, | ) C/A No. 3:10-2230-JFA-JRM |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Lauren B. Stevens, Public Defender of Sumter County; and Sumter County Public Defender Office, | ) |
| Defendants. | ) |

The plaintiff, Maurice Graves ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names Defendant Stevens, a Public Defender of Sumter County, and the Sumter County Public Defender's Office, as defendants.[2] Plaintiff claims Defendant Stevens, the public defender assigned to defend him in his state criminal proceedings, violated his Sixth Amendment right to counsel because "trial counsel intentionally abandon[ed]" Plaintiff and committed legal malpractice. Compl. at 2. The complaint alleges Defendant Stevens did not contact Plaintiff until fifteen minutes prior to trial, and then stated that she "had no defense for you." Compl. at 3. The complaint also claims the Sumter County Public Defender Office is liable because they "had to be aware of Attorney Stevens egregious act." Compl. at 4. Plaintiff seeks monetary

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

damages.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam).*  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009)(outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure).

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint claims Defendant Stevens, the public defender assigned to defend Plaintiff in his state criminal proceedings, as well as the Public Defender Office for which she worked, are liable under § 1983. The named defendants in this case, however, have not acted under color of state law. To act under color of state law for purposes of § 1983, a person's action that allegedly causes

3

the deprivation of a federal right must be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) quoting *Lugar v. Edmondson Oil Co., Inc*., 457 U.S. 922, 937 (1982). State action is required because "most rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978). A defense attorney in a criminal case, such as Defendant Stevens, whether retained, court-appointed, or a public defender, does not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

Similarly, the Sumter County Public Defender Office does not act under color of state law. The Public Defender System in South Carolina is a county based system, independent of the State. The Bar Association of each county organizes a non profit corporation known as a Defender Corporation, which establishes a public defender office to serve the county.[3] The Sumter County Public Defender Office is a part of a non profit corporation, which does not act under color of state law. The person being sued under § 1983 "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). The complaint contains no allegations that could establish a sufficient nexus to create state action by a private entity. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974) (sufficiently close nexus required to establish the action of the Defendants may be fairly treated as that of the state itself). The

---

[3] The Court takes judicial notice of the Public Defender System in South Carolina. *See* South Carolina Commission on Indigent Defense, http://www.sccid.sc.gov/public-defenders.cfm (last visited Sept. 15, 2010).

requirement for action under color of state law "excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal punctuation omitted). The complaint fails to name defendants that acted under color of state law, and therefore fails to state a claim on which relief may be granted.

The complaint also claims gross negligence and legal malpractice on the part of Defendant Stevens. Negligence and legal malpractice are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Violations of duties of care arising under state law do not impose liability under § 1983. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Through the exercise of "supplemental jurisdiction," a federal court has jurisdiction to hear and decide state-law claims along with federal-law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Federal courts are permitted, however, to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

This Court should dismiss the Plaintiff's Sixth Amendment claim, over which the Court would have original jurisdiction, for failure to state a claim under § 1983. Thus, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate

the federal judiciary deciding issues of state law among non-diverse litigants."). The complaint should be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

                     Joseph R. McCrorey
                     United States Magistrate Judge

September 30, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).